UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHARON HILL, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:24-cv-3825-BHH-MGB |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| ATRIUM HOSPITALITY, LP ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

1. Plaintiff Sharon Hill (hereinafter referred to as "Plaintiff") brings this action against Defendant Atrium Hospitality, LP (hereinafter referred to as "Defendant Atrium") based on Defendant's actions in discriminating and retaliating against Plaintiff on the basis of her race in violation of 42 USC 1981, Breach of Contract, and Breach of Contract accompanied by a Fraudulent Act.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this bring a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 1981 and other Federal relief. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

3. Venue is proper in the Charleston Division, because the causes of action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4. Plaintiff is an African American female citizen of the United States of America and resides in Charleston County, South Carolina. Plaintiff began her employment with Defendant in Charleston County and at all times worked for Defendant Atrium in Charleston County.

5. Defendant Atrium located in South Carolina, is a Delaware incorporated limited partnership with operations in the State of South Carolina.

## **FACTS**

8. Plaintiff began her career with Atrium on or about October 8, 2023 as an Area Human Resources Director.

9. Plaintiff's Supervisor at all times relevant to this Complaint is VP of Human Resources, Jude Raser (WF), General Manager Michael Pistick (WM), and General Manager Christopher Benton (WM).

10. During the course of June 2024, Carmilla Steward (race unknown) took over for Jude Raser as the VP of Human Resources.

11. During the course of her employment, Plaintiff performed her job well and without incident.

12. On or about November 2023, Plaintiff began working a Human Resources case regarding Rosalind McAlister who was employed by Defendant as an Event Manager. Ms. McAlister was being racially discriminated against by Defendant.

13. On December 2023, Ms. McAlister went to Plaintiff and complained that she was being racially discriminated against by Event Manager Nicole Blackwell (WF).

14. On or about January 2024, Ms. McAlister was placed on a Performance Improvement Plan (PIP) by Plaintiff based on representations by Blackwell. After reviewing the case and meeting with Ms. McAlister who complained of race discrimination, Plaintiff withdrew the PIP as she believed Blackwell was racially discriminating against Ms. McAlister. As a result, both Blackwell and her General Manager Jordan Franscico (WM) were very upset with Plaintiff and told her that they were furious that the PIP had been removed. Blackwell told Plaintiff that it was her job to supervise Ms. McAlister. Upon information and belief, this precipitated a barrage of racial discrimination and retaliation against Plaintiff.

15. On or about January 2024, Defendant removed Plaintiff's job duties in the Columbia, South Carolina region. This was an act of retaliation against Plaintiff for acting on Ms. McAlister's complaint that her PIP was racially discriminatory.

16. On or around March 2024, Plaintiff received a downgraded review by her three white supervisors. This downgrade was done to discourage Plaintiff and to mistreat Plaintiff for taking up for Ms. McAlister who was a black female being racially discriminated against. This was done in violation of 42 USC Section 1981 and the Companies' contractual EEO policy.

17. On or around April 2024, Plaintiff lost her Human Resources Manager. Rather than hire Plaintiff a temp or replacement, Defendant left Plaintiff to be overwhelmed with work. In fact, Defendant expressly blocked attempts by other employees, including Jeanetta Reid (BF), to work with her. This was an act of retaliation against Plaintiff due to her taking heed to Ms. McAlister's complaints of race discrimination.

18. On or around June 2024, Plaintiff was called into a meeting with her supervisors and was terminated.  Upon information and belief, this This was an act of race discrimination and retaliation against Plaintiff due to her taking heed to Ms. McAlister's complaints of race discrimination.

19. As a result Plaintiff has suffered damages and prays for relief.

### FOR A FIRST CAUSE OF ACTION (DEFENDANT ATRIUM)- RACE DISCRIMINATION (42 USC Section 1981

20. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

21. Plaintiff is a member of a protected group on the basis of her race.  Plaintiff was discriminated against based on her race in violation of 42 U. S.C. § 1981.

22. Plaintiff is informed and believes that because of her race, African American, she was placed on a downgraded performance review and treated disparately from Ms. Cathy Jorvenson (WF) who is her similarly situated comparator.

23. Plaintiff asserts that the on the job treatment and retaliation were pretextual.  Plaintiff alleges Defendant intentionally initiated the discriminatory practices against Plaintiff based on her race.

24. Defendant was reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.  Knowingly subjecting Plaintiff to a downgraded performance review.

    b.  In subjecting Plaintiff to disparate disciplinary procedures as compared to her similarly situated Caucasian counterparts under like circumstances to include termination.

    c.  In removing Plaintiff's job duties and terminating her.

25. In failing to protect Plaintiff from racial discrimination, preferential treatment or retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec 1981.

26. The Defendant violated 42 U.S.C. Sec. 1981 by allowing the racial discrimination, preferential treatment and retaliation to exist in the workplace.

27. Defendant's racial discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

28. Due to the acts of Defendant, its agents, and its employees, Plaintiff is entitled to injunctive

relief, punitive and/or civil damages.

### FOR A SECOND CAUSE OF ACTION (DEFENDANT ATRIUM)- RETALIATION (42 USC Section 1981

29. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

30. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against for making complaints of race discrimination in violation of 42 U. S.C. § 1981.

31. Plaintiff is informed and believes that because of her protected complaints of race discrimination, she was given a poor performance review, a removal of her job duties, and termination.

32. Plaintiff asserts that the on the job treatment and retaliation were pretextual. Plaintiff alleges Defendant intentionally initiated the retaliatory practices against Plaintiff based on her protected complaints.

33. Defendant was reckless, wanton and intentional in the retaliation against Plaintiff in the following particulars, to wit:

    a. Knowingly subjecting Plaintiff to a downgraded performance review.

    b. In subjecting Plaintiff to disparate disciplinary procedures as compared to her similarly situated Caucasian counterparts under like circumstances to include termination.

    c. In removing Plaintiff's job duties and terminating her.

    In failing to protect Plaintiff from retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec 1981.

34. The Defendant violated 42 U.S.C. Sec. 1981 by allowing the retaliation to exist in the workplace.

35. Defendant's retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

36. Due to the acts of Defendant, its agents, and its employees, Plaintiff is entitled to injunctive relief, punitive and/or civil damages.

## FOR A THIRD CAUSE OF ACTION (DEFENDANT ATRIUM )
## BREACH OF CONTRACT

29. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

30. Defendant publishes and maintains an employee handbook, which definitely assures employees that they will be treated in an nondiscriminatory and fair manner.

31.  Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place, and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

32. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

33. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiff relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Plaintiff also relied on the Defendant's reassurance that it must follow its Internal Equal Employment Opportunity policy in its treatment of its employees regarding its EEO policies and regarding investigations of allegations of wrongdoing. Defendant expressly disregarded its policies by retaliating against Plaintiff due to her heeding Ms. McAlister's complaints of race discrimination.

34. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

35. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

36.  All of these actions violate the contractual anti-retaliation provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

37. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

38. As a result of Defendant's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

## FOR A FOURTH CAUSE OF ACTION (DEFENDANT ATRIUM)
## BREACH OF  CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

39. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

40. Defendant publishes and maintains an employee handbook, which definitely assures employees that they will be treated in an non discriminatory and fair manner.

41. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

42. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

43. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiff relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Plaintiff also relied on the Defendant's reassurance that it must follow its Internal Equal Employment Opportunity policy in its treatment of its employees regarding its EEO policies and regarding investigations of allegations of wrongdoing. Defendant expressly disregarded its policies by retaliating against Plaintiff due to her heeding Ms. McAlister's complaints of race discrimination.

44. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

45. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

46. All of these actions violate the contractual anti-retaliation provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

47. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

48. Defendant, by and through its agents, has failed to fulfill its obligation under its own written policies and has breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.

49. In furtherance of such intentional design, Defendant, through its agents, intentionally and maliciously placed Plaintiff in a position of being subjected to racial mistreatment. It was readily apparent that Defendant's false reassurances were fraudulent as Defendant's continual violations of its own policy demonstrated.

50. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract and handbook.

51. As a direct and proximate result of Defendant's breaches of the Agency policies, the Agency Handbook and contract and procedures Plaintiff has been maligned and has suffered damages to include loss of sleep, mental anguish, emotional pain and suffering, and other

compensatory, actual, and special damages due to the Defendant's failure to adhere to the terms of the policies established by the Defendant resulting in a breach of Plaintiff's employment contract accompanied by the above fraudulent acts as it relates to the Defendant.

## JURY TRIAL REQUESTED

52. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

(1) Declaring the actions complained of herein illegal;

(2) Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC Section 1981, and the common laws of the State of South Carolina to include Plaintiff's claim for breach of contract and breach of contract accompanied by a fraudulent act.
.
(3) Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein, which the jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, punitive damages, fringe benefits, and retirement benefits;

(4) Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(5) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

RESPECTFULLY BY:
s/Aaron V. Wallace
Aaron V. Wallace (11469)
Wallace Law Firm
534 Saint Andrews Road, STE B PMB 2002
Columbia, SC 29210
PH 803-766-3997
July 3, 2024                Fax:839-218-5786