IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHARON HILL, | ) Civil Action No.: 2:24-CV-3825-BHH-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT ATRIUM HOSPITALITY,** |
| | ) **LP'S MEMORANDUM OF LAW IN** |
| ATRIUM HOSPITALITY, LP | ) **SUPPORT OF ITS MOTION TO STAY** |
| | ) **AND COMPEL ARBITRATION** |
| Defendant. | ) |
| | ) |

Defendant Atrium Hospitality, LP ("Atrium"), hereby submits this Memorandum of Law in accordance with Local Civ. Rules 7.04 and 7.05 (D.S.C.) in Support of its Motion to Stay and Compel Arbitration pursuant the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*.

**INTRODUCTION AND RELEVANT FACTS**

Plaintiff's claims arise out of her employment with Atrium as an Area Human Resources Director from October 8, 2023 until June 2024 (Compl. ¶8, ¶18). The Complaint alleges four causes of action against Atrium: (1) Race Discrimination under 42 U.S.C. §1981; (2) Retaliation under 42 U.S.C. §1981; (3) Breach of Contract; and (4) Breach of Contract Accompanied by a Fraudulent Act. Plaintiff's claims for Breach of Contract and Breach of Contract Accompanied by a Fraudulent Act are premised on Atrium's Associate Handbook ("Handbook"), which Plaintiff asserts is a binding contract between the parties. (Comp.¶¶29-51). Atrium's Handbook provides that "[a]s a term and condition of employment all Associates will be required to enter into a Dispute Resolution Agreement, as permitted by applicable law." (**Exhibit A** to Motion to Stay and Compel Arbitration at p. 14). Plaintiff signed the Dispute Resolution Agreement ("Agreement") on September 21, 2023. (*See* **Sharon Hill Electronic Signature List as Exhibit 1**)

1

Pursuant to the Agreement, Plaintiff agreed to "pursue any claims that [she] may have against the Company…exclusively through binding arbitration." (**Exhibit B** to Motion to Stay and Compel Arbitration at ¶3). Furthermore, the Agreement provides that "this Agreement is governed by the Federal Arbitration Act (FAA) (9 United States Code §1, *et seq*.)." (Exhibit B ¶8). Plaintiff's claims fall within the scope of the mandatory and binding arbitration Agreement such that Plaintiff is required to arbitrate her claims.

### **Legal Standard**

Pursuant to 9 U.S.C.A. §3:

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

To determine whether to compel arbitration under the FAA, the Court should consider whether: (1) there is a dispute between the parties, (2) there is a written agreement to arbitrate that covers the dispute, (3) the transaction evidenced by the dispute involves interstate commerce, and (4) one party has failed, neglected or refused to arbitrate. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2012). Once the Court finds that these considerations are satisfied, it has no discretion and must compel arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (stating that the FAA "leaves no place for the exercise of discretion" by a court, but instead mandates that courts "*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed") (emphasis original)). In light of the liberal policy favoring arbitration, the party opposing arbitration bears the burden of proving that the dispute should not be arbitrated. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

In addition, the Court can consider documents that are explicitly incorporated into the complaint by reference under Fed. R. Civ. P. 10(c): "However, we also consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits, *see* Fed. R. Civ. P. 10(c)." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016), quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider documents attached to the complaint or incorporated by reference, including those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, and may take judicial notice of matters of public record. *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882 (4th Cir. 2023) (citing *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)).

## Argument

Plaintiff executed a binding arbitration Agreement that encompasses **all** the claims asserted in her Complaint. The arbitration Agreement should be enforced and the present lawsuit should be stayed until the arbitration process is complete. *See Smith v. Spizzirri*, 601 U.S. 472, 476 (2024).

### I.   Plaintiff's Claims are Subject to Arbitration under the FAA

Arbitration should be compelled because all of Plaintiff's causes of action are covered by the Agreement and all four factors the Court should consider are present:

a.   *There is plainly a dispute between the parties insofar as Plaintiff has filed a Complaint against Defendant*. (Compl. ECF – 1)

b.   *The dispute falls squarely within the parties' written Agreement to arbitrate*

Pursuant to the terms of employment as set forth in the Handbook, Plaintiff executed the Agreement which mandates arbitration of either party's claims arising out of the employment relationship, subject to specific exceptions, which, as discussed below, are inapplicable to this

3

dispute. (Exhibit C). The existence of valid contract is analyzed under ordinary principles of state law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943-45 (1995). In South Carolina, a "valid and enforceable contract requires a meeting of the minds between the parties with regard to all essential and material terms of the agreement." *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 578, 762 S.E.2d 696, 701 (2014). Plaintiff cannot reasonably dispute that the Handbook is a valid and enforceable contract because she expressly relies on its validity and existence in support of her breach of contract claims. (Compl. ¶¶29-51). She cannot use the Handbook as both a sword and a shield. Likewise, she cannot deny that she was required to execute the Agreement prior to commencing her employment, and that execution of the Agreement was a condition of her employment with Atrium.

Likewise, under 9 U.S.C. § 2, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Under this provision, "Congress precluded States from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed upon the same footing as other contracts." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 682 (1996). Thus, "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Id.*; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011) (holding the FAA does not "preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives").

Plaintiff's claims all arise out of her employment relationship with Atrium. Plaintiff alleges race discrimination and retaliation in the workplace during her employment with Atrium, breach of contract based on the Handbook, and breach of contract accompanied by a fraudulent act, also based on the Handbook. *See, e.g.*, *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 6:10-

4

0129-JMC, 2012 2012 WL 761737, at *15 (D.S.C. Mar. 8, 2012) (compelling claim for breach of contract to arbitration under arbitration clause that applies to disputes "arising under the agreement"); *S.C. Pub. Serv. Auth. v. Great W. Coal*, 312 S.C. 559, 563, 437 S.E.2d 22 (1993) ("Arbitration is a matter of contract and controlled by contract law."). In other words, none of Plaintiff's claims can stand alone without reference to her employment relationship with Atrium. Thus, she is required to arbitrate her claims through the FAA, not this Court.

Moreover, the Agreement's arbitration clause indisputably applies to ***all*** the claims asserted in Plaintiff's Complaint. By signing the Agreement, Plaintiff expressly represented as follows:

> 3. I agree that I will pursue any claims that I may have against the Company and any claims that I may have against any third-party beneficiaries (as defined below) exclusively through arbitration. The Company agrees that it will pursue any claims that it may have against me exclusively through binding arbitration. This agreement to pursue claims exclusively through arbitration extends to all past claims, all claims that presently exist, and all claims that may arise in the future. By agreeing to binding arbitration, the Parties waive our rights to have any claim decided in an administrative hearing, in a jury trial, or in a bench trial (a bench trial means a trial before a judge only, without a jury). I understand that my only recourse for pursuing claims is through binding arbitration according to the rules set forth in this Agreement and those rules incorporated by reference in this Agreement. The only exceptions to this requirement are identified in Section 6, below. (Exhibit C ¶3)

The exceptions in Section 6 are: "(i) claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, (ii) claims for medical and disability benefits under any stare worker's compensation statute, (iii) unemployment insurance claims, or (iv) any other claims or disputes that are not subject to arbitration under applicable law." (Exhibit B, ¶6). Plaintiff's causes of action against Atrium for: (1) Race Discrimination under 42 U.S.C. §1981; (2) Retaliation under 42 U.S.C. §1981; (3) Breach of Contract; and (4) Breach of Contract Accompanied by a Fraudulent Act are encompassed in Section 3 of the Agreement, and do not fall under any of the exceptions set forth in Section 6. Consequently, the dispute at issue in this case is covered by a written agreement to arbitrate.

5

   *c.*  *The dispute at issue involves interstate commerce*

  Furthermore, Plaintiff's employment by Atrium affected interstate commerce for purposes of the FAA. The FAA defines "commerce" as "commerce among the several States or with Foreign nations . . ." 9 U.S.C. § 1. The Supreme Court has held that the meaning of this provision of the FAA is as broad as the Commerce Clause itself. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1994). Moreover, by signing the Agreement, Plaintiff acknowledged that the Agreement was governed by the FAA. Section 8 of the Agreement provides:

> "I acknowledge that the Company's business and the nature of my employment in that business affect interstate commerce. Thus, I agree that this Agreement is governed by the Federal Arbitration Act (FAA) (9 United States Code § 1, *et seq*.). Any arbitration proceedings pursuant to this Agreement shall be governed by the Federal Arbitration Act."

Courts regularly hold that the fact that the contract containing the arbitration provision is entered into between parties of different states alone demonstrates that the contract "involve[s] interstate commerce under the Supreme Court's expansive interpretation of the FAA." *Low Country Rural Health Educ. Consortium Inc. v. Greenway Med.*, No. 9:14-cv-00874-DCN, 2014 U.S. Dist. LEXIS 157418, at *15-16 (D.S.C. Nov. 5, 2014) (citing *Allied-Bruce*, 513 U.S. at 281).

  Here, Plaintiff's claims involve a dispute between citizens located in different states and a contract made between citizens of different states, and therefore involve interstate commerce. Specifically, Plaintiff alleges the issues giving rise to the Complaint all occurred in Charleston, South Carolina, and Atrium is a Delaware incorporated limited partnership with operations in the State of South Carolina (Compl. ¶¶ 3-5). Because the dispute at issue here involves agreements between people and entities that cross state lines, it involves interstate commerce.

  *d.*  *Plaintiff's act of filing the Complaint plainly demonstrates a failure, neglect, or refusal to arbitrate.*

Thus, the Plaintiff cannot reasonably contest that the dispute and the arbitration Agreement are subject to the FAA, and the Court should compel arbitration as agreed to by the parties.

### II.     The FAA Mandates Arbitration Under These Circumstances

The FAA reflects a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  "Underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation." *Id*. "Accordingly, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" *Id*. (quoting *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989).  Here, the Agreement is unquestionably governed by the FAA under its express terms.  (Exhibit C ¶8) ("Thus, I agree that this Agreement is governed by the Federal Arbitration Act (FAA)(9 United States Code § 1, et seq."); *see also DirecTV, Inc. v. Imburgia*, 577 U.S. 47 (2015) (confirming parties can contractually agree to designate FAA as governing law).  Furthermore, §3 of the FAA provides that "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (9 U.S.C.A. §3) (Emphasis added). Therefore, this Court should stay this case and order Plaintiff to arbitrate her claims.

### CONCLUSION

For the foregoing reasons, the Court should enter an Order compelling arbitration and staying the case.

GORDON REES SCULLY MANSUKHANI LLP

By  *s/Nosizi Ralephata*
Nosizi Ralephata (Fed. 09685)
E-mail: nralephata@grsm.com
William J. Blount  (Fed. 13398)
E-mail: wblount@grsm.com
677 King Street, Suite 450
Charleston, SC  29403
Telephone: (843) 278-5900
*Attorneys for Atrium Hospitality, LP*

Dated: August 1, 2024